UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: MARK A. WILLIAMSON and
MELANIE A. SMITH-WILLIAMSON,

No. 7-15-11686 JA

Debtors.

**MEMORANDUM OPINION**

At issue before the Court is whether a creditor can obtain an order compelling debtors who wish to retain personal property subject to the creditor's security interest, here a manufactured home, to either 1) enter into a reaffirmation agreement; or 2) redeem the property. Creditor 21st Mortgage Corporation, successor to Chase Manhattan Bank USA, N.A. ("21st Mortgage") requests the Court to require Debtors to comply with their duties under 11 U.S.C. § 521(a)(2)(A) and (B)[1] and to delay Debtors' discharge until they have complied. *See* Motion (And Incorporated Memorandum) to Compel Compliance with 11 U.S.C. § 521(a)(2)(B) and to Delay Entry of Discharge ("Motion to Compel") – Docket No. 11.[2] 21st Mortgage also requests an award of attorney's fees and costs incurred in filing and prosecuting the Motion to Compel. Debtors oppose the Motion to Compel and have refused to enter into a reaffirmation agreement. They assert they have the right to retain their manufactured home as long as they make the requirement payments, without reaffirming the debt. They point out that the Bankruptcy Code makes reaffirmation agreements strictly voluntary. *See* 11 U.S.C. § 524(c)(3)(A) ("such agreement represents a fully informed and voluntary agreement by the debtor").

---

[1] All further statutory references are to the Bankruptcy Code, codified in Title 11 of the United States Code.
[2] 21st Mortgage asks the Court to delay the entry of the Debtors' discharge because reaffirmation agreements must be entered into before the entry of a debtor's discharge to be effective. *See* 11 U.S.C. § 524(c)(1) (an agreement to reaffirm a debt "is enforceable . . . only if—such agreement was made before the granting of the discharge under section 727 . . . of this title.").

The Court heard oral argument on September 23, 2015 and took the matter under advisement. For the reasons explained below, the Court concludes that 21st Century Mortgage is not entitled to an order requiring Debtors to comply with their duties under by §§ 521(a)(2) and (a)(6).

FACTS

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 24, 2015. Debtors listed 21st Mortgage as a secured creditor on Schedule D. *See* Docket No. 1. 21st Mortgage's claim is secured by a 2001 Town and Country Manufactured Home, bearing Serial Number TC01TX015806A/B (the "Manufactured Home"). *See* Exhibits 1, 2 and 3. The Manufactured Home is personal property. *See* Exhibit 4 – Certificate of Title for the Manufactured Home. Mark Williamson signed a Manufactured Home Retail Installment Contract, Disclosure Statement and Security Agreement (the "Contract"). *See* Exhibit 1.[3] Melanie A. Smith-Williamson is not a party to the Contract. *Id.* The Contract for the Manufactured Home does not contain an *ipso facto* clause making the filing of a petition for relief under the Bankruptcy Code or insolvency an event of default under the Contract. *See* Exhibit 1.

On the same day Debtors filed their bankruptcy petition, they filed a Chapter 7 Individual Debtor's Statement of Intention ("Statement of Intention") with respect to the Manufactured Home. *See* Docket No. 6. The Statement of Intention form is a check-the-box form offering the choice of "surrendered" or "retained" with respect to property subject to a creditor's security interest. If a debtor checks the "retain" box, the Statement of Intention form offers the following

---

[3] Mr. Williamson entered into the Contract with MT Taylor Homes Inc. *See* Exhibit 1. MT Taylor Homes Inc. assigned its interest in the Contract to Chase Manhattan Bank USA, N.A., c/o CMMC. *See* Exhibit 2. Chase Manhattan, in turn, executed an allonge to the Contract in favor of 21st Mortgage. *See* Exhibit 3. 21st Mortgage holds the original Contract, assignment and allonge. Debtors do not contest 21st Mortgage's standing to enforce the Contract.

-2-

choices: 1) "Redeem the property;" 2) "Reaffirm the debt;" or 3) "Other. Explain_____ (for example, avoid lien using 11 U.S.C. § 522(f))."

Debtors checked the box on the Statement of Intention labeled "Retained" and the box labeled "Other," and provided as explanation for "Other" their intention to retain the Manufactured Home and "continue to pay" the debt. *Id.* Debtors did not check the box labeled "Redeem the property" nor the box labeled "Reaffirm the debt." *Id.*

The Chapter 7 Trustee held and concluded the meeting of creditors on July 27, 2015. The Debtors have refused to enter into a reaffirmation agreement with 21st Mortgage and have not sought to redeem the Manufactured Home. 21st Mortgage filed a proof of claim in Debtors' bankruptcy case on September 14, 2015, asserting a secured claim in the amount of $53,931.35. *See* Claims Register, Claim No. 1-1. No objection to the claim has been filed. There is no impediment to granting Debtors a discharge other than the pending Motion to Compel.

## DISCUSSION

Debtors timely filed a statement of intention indicating their intent to retain the Manufactured Home; but instead of specifying an intent to redeem the property or reaffirm the debt secured by the property, Debtors stated an intent to retain the Manufactured Home and continue to pay the debt to 21st Mortgage. Debtors have not entered into a reaffirmation agreement, have not sought to redeem the Manufactured Home, and have not surrendered the Manufactured Home to 21st Mortgage. 21st Mortgage argues that the Bankruptcy Code restricts Debtors to three, and only three, options with respect to the Manufactured Home: 1) surrender it; 2) retain and redeem it; or 3) retain it and reaffirm the associated debt. 21st Mortgage reasons further that because the Bankruptcy Code provides only three options, it can and should compel

-3-

Case 15-11686-j7    Doc 20    Filed 11/02/15    Entered 11/02/15 15:19:20 Page 3 of 10

the Debtors to comply with their duties under 11 U.S.C. § 521 and choose one of the three options or surrender the Manufactured Home.

In support of this position, 21st Mortgage directs the Court to *In re Jeanfreau,* No. 13-50015-KMS (Bankr. S.D. Miss. June 12, 2013), an unpublished decision from the Bankruptcy Court for the Southern District of Mississippi. In *Jeanfreau,* the Court ordered the debtors to comply with the requirements of 11 U.S.C. § 521 by reaffirming the debt with the creditor under § 524, redeeming the collateral under § 722, or surrendering the property. *Id.* [4]

Debtors counter that they have the right to retain the Manufactured Home without redeeming or entering into a reaffirmation agreement as long as they continue to make the payments required by the underlying Contract. Resolution of the dispute requires to Court to examine and apply §§ 521(a)(2), 521(a)(6) and 362(h). The Court will review each of these provisions.

Section 521(a)(2)(A) imposes upon debtors a duty to file within a specified time a statement of intention with respect to property of the bankruptcy estate subject to a creditor's security interest.[5] In the statement of intention, the debtor must specify an intent either to retain or to surrender the property. If the debtor specifies an intent to retain the property, § 521(a)(2) requires the debtor either to redeem the property or reaffirm the debt secured by the property.

---

[4] The *Jeanfreau* approach could conceivably result in denial of the debtor's discharge in the event the debtor fails to comply with the court's order compelling the debtor to reaffirm the debt. *See* 11 U.S.C. § 727(a)(6) (denial of discharge where "the debtor has refused, in the case . . . to obey any lawful order of the court . . .").

[5] Section 521(a)(2)(A) provides:
> The debtor shall—
> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
> (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property[.]
>
> 11 U.S.C. § 521(a)(2)(A).

Section 521(a)(2) does not give a debtor the option to specify an intent to retain property without specifying an intent either to redeem or reaffirm. *See, e.g., Johnson v. Sun Fin. Co. (In re Johnson),* 89 F.3d 249, 252 (5th Cir. 1996) (per curiam) (holding that "debtors are limited to the three options set forth in the statute"); *Taylor v. AGE Fed. Credit Union (In re Taylor),* 3 F.3d 1512, 1517 (11th Cir. 1993) (holding that a debtor may not "retain the collateral property without either redeeming the property or reaffirming the debt").

Whichever election the debtor makes in the statement of intention, § 521(a)(2)(B) imposes a duty on the debtor to perform the intention within 30 days after the first date set for the § 341(a) meeting of creditors, unless the time is extended by the Court.[6]

Section 521(a)(2) provides that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 363(h)."[7] The first phrase confirms that substantive rights relating to the debtor's (or trustee's) property remain unaffected. *See Green Tree Fin. Servicing Corp. v. Theobald (In re Theobald),* 218 B.R. 133, 135 (10th Cir. BAP 1998) (stating that "[s]ection 521(2) [now § 521(a)(2)] does not affect nor create substantive rights because § 521(2)(C)[now part of § 521(a)(2)] provides that subparagraphs (A) and (B) do not alter a debtor's or a trustee's rights with regard to the property"). The next phrase, "*except* as provided in section 362(h)"[8]

---

[6] Section 521(a)(2)(B) provides:
> The debtor shall—
>> (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
>>> . . . .
>>> (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph[.]
>
> 11 U.S.C. § 521(a)(2)(B).

[7] 11 U.S.C. § 521(a)(2).

[8] 11 U.S.C. § 521(a)(2) (emphasis added).

makes the relief provided in §362(h) the exclusive remedy with regard to the property based on a debtor's failure to comply with the duties § 521(a)(2) imposes.

Section 362(h) provides that the automatic stay is terminated with respect to the personal property and such property is no longer property of the bankruptcy estate if the debtor: 1) fails to timely file the statement of intention required by § 521(a)(2) with respect to personal property indicating whether the debtor intends to surrender or retain the personal property; 2) if retaining the personal property, fails to indicate on the statement of intention that the debtor will either redeem the property or enter into a reaffirmation agreement for the debt secured by the personal property; and 3) fails to timely take the action specified in the statement of intention, unless the debtor indicates an intent to reaffirm the debt and the creditor refuses to enter into a reaffirmation agreement with the debtor on the original contract terms. 11 U.S.C. § 362(h).[9] Thus, the relief afforded by §§ 362(h) and 521(a)(2) is limited to termination of the automatic stay and removal of the property from the bankruptcy estate. *See* § 521(a)(2)(C) and § 362(h)(1).[10] The remedy

---

[9] Section 362(h)(1) provides:
> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—
>> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
>> (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.
> 11 U.S.C. § 362(h)(1).

[10] *See In re Sanders,* 2012 WL 692549, *3 (Bankr. W.D.Tex. Mar. 2, 2012) ("'Failure to take the required actions causes the following to occur: (1) the automatic stay is terminated, (2) the property is no longer property of the estate, and (3) the creditor may take whatever actions respecting the property as are allowed under nonbankruptcy law, including the use of a contractual provision provided for default upon the filing of bankruptcy, commonly known as an ipso facto clause.'") (quoting *In re Bower,* 2007 WL 2163472, * 2 (Bankr. D.Or. July 26, 2007)). *Cf. In re Rowe,* 342 B.R. 341, 351 (Bankr. D. Kan. 2006) (denying creditor's request to compel turnover based on debtor's failure to comply with the requirements of § 521(a)(6), stating that "BAPCPA now provides consequences

specified in § 521(a)(2) and § 362(h)(1) for a debtor's failure to comply with § 521(a)(2)(A) and (B) does not authorize the Court to enter of an order compelling Debtors to redeem the Manufactured Home or reaffirm the debt as a condition to retention of the property.

Under § 521(a)(6), a debtor may "not retain possession of personal property as to which a creditor has an allowed claim for the purchase price"[11] unless the debtor either enters into a reaffirmation agreement pursuant to § 524(c) or redeems the property pursuant to § 722. 11 U.S.C. § 521(a)(6).[12] An unnumbered paragraph in the Bankruptcy Code appearing after § 521(a)(7), which hereafter is called the "hanging paragraph," provides (with an exception not applicable here) that if a debtor fails to timely take the action required by § 521(a)(6), the

---

for failure to redeem or reaffirm . . . . They are termination of the stay and removal of the collateral from property of the estate, with the creditor's remedies upon expiration of the stay being those provided by state law."); *In re Steinhaus,* 349 B.R. 694, 707-708 (Bankr. D.Idaho 2006) ("[Section] 521(a)(6)'s express relief . . . unambiguously provides Creditor with a comprehensive remedy for Debtor's failure to redeem or reaffirm. This remedy consists of three parts: termination of the stay, abandonment (*i.e.,* the property is no longer property of the estate), and explicit permission for Creditor to proceed as permitted by state law. Had Congress intended to also create the remedy of an immediate order of possession, it logically would have been included in this listing of relief in § 521(a)(6).").

[11] Courts are split regarding whether § 521(a)(6) only applies if the creditor has a claim for the entire purchase price. *Compare In re Donald*, 343 B.R. 524, 537 (Bankr. E.D.N.C. 2006) ("Clearly, if Congress intended in § 521(a)(6) for a 'claim for the purchase price' to mean something less than the full purchase price, it would have said so . . . "), *with Dumont v. Ford Motor Credit Co. (In re Dumont)*, 383 B.R. 481, 487-88 (9th Cir. BAP 2008), *aff'd*, 581 F.3d 1104 (9th Cir. 2009) (interpreting § 521(a)(6) to apply to purchase money security interests, reasoning that "purchase price" as used in § 521(a)(6) is "essentially synonymous to a purchase money security interest (as stated in BAPCPA's legislative history") *and Steinhaus*, 349 B.R. at 706 -707 (same). The Court need not decide this issue, because the result the Court reaches is the same whether or not § 521(a)(6) applies to the Manufactured Home.

Courts are also split regarding whether a creditor must have an "allowed claim" in order to invoke § 521(a)(6). *Compare In re Blakeley,* 363 B.R. 225, 229 (Bankr. D. Utah 2007) (stating that "Section 521(a)(6) only applies if a creditor has an 'allowed claim.'") and *Donald,* 343 B.R. at 535 (explaining that "[i]n no-asset chapter 7 cases, creditors do not file proofs of claim and do not have 'allowed' claims" so that § 521(a)(6), as a practical matter, has little application), *with Rowe,* 342 B.R. at 349 (finding that a literal application of the term "allowed claim" "would produce a result demonstrably at odds with the intentions of its drafters" and that Congress did not intend to limit 521(a)(6)'s applicability to creditors in asset cases holding allowed claims). Here, 21st Mortgage filed a proof of claim to which no party in interest has objected. Consequently the Court need not address the issue. 21st Mortgage has an allowed claim. *See* 11 U.S.C. § 502 (a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest. . . . objects.").

[12] Section 521(a)(6) provides:
> in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either--
> > (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
> > (B) redeems such property from the security interest pursuant to section 722[.]
>
> 11 U.S.C. § 521(a)(6).

-7-

automatic stay imposed by § 362(a) is terminated with respect to the personal property, and the personal property no longer is property of the bankruptcy estate.[13]

Just like § 521(a)(2) and § 362(h)(1), the stated remedy with regard to the property specified in the hanging paragraph is termination of the automatic stay and removal of the property from the bankruptcy estate. In addition, the hanging paragraph expressly provides the creditor may "take whatever action" that is "permitted under applicable nonbankruptcy law." *See Rowe,* 342 B.R. at 349 (observing that "[t]he remedy for failure to take these actions [required under § 521(a)(6)] is stated in the following hanging paragraph. It provides that under the stated circumstance, the stay is terminated, the property no longer is property of the estate, and 'the creditor may take whatever action' as is 'permitted by applicable nonbankruptcy law.' . . . . This is the same relief granted to a creditor under § 362(h)."). Like § 521(a)(2) and § 362(h)(1), the remedy specified in the hanging paragraph for a debtor's failure to comply with § 521(a)(6) does not authorize the Court to enter of an order compelling Debtors to redeem the Manufactured Home or reaffirm the debt as a condition to retention of the property.

Because the Bankruptcy Code itself provides the remedy with regard to the property as a consequence of the Debtor's noncompliance with duties under § 521(a)(2)(A) and (B), and § 521(a)(6), 21st Mortgage is not entitled to an order compelling Debtors to enter into a reaffirmation agreement, redeem the Manufactured Home, or surrender the property as a result of Debtors' failure to carry out their duties under § 521(a)(2) or § 521(a)(6). Instead, 21st Mortgage

---

[13] The hanging paragraph provides:
> If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law, unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee.
> Hanging paragraph following 11 U.S.C. § 521(a)(7).

-8-

must look to applicable non-bankruptcy law to enforce whatever rights it believes it has with regard to the Manufactured Home under the Contract.

The Tenth Circuit decision in *Lowry Federal Credit Union v. West,* 882 F.2d 1543 (10th Cir. 1989), a case decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), does not compel a different result. In *Lowry*, the Tenth Circuit held that "the debtor's failure to file the notice of the election required by § 521[(a)](2)(A) does not result in an automatic benefit to the creditor." *Lowry,* 882 F.2d at 1544. Consequently, a secured creditor does not obtain an automatic right to repossess collateral as a result of the debtor's failure to comply with the duty to file a statement of intention and the duty to perform that intention within the time period prescribed by § 521(a)(2). *Id.* at 1546 (observing that "nothing within the text of § 521 . . . suggests a creditor succeeds automatically to any rights as a consequence of the debtors' failure to comply with its mandatory directives."). However, after *Lowry*, BAPCPA amended the Bankruptcy Code to add the remedies specified or referenced in § 362(h), § 521(a)(2), and § 521(a)(6) discussed above for a debtor's noncompliance with § 521(a)(2) or § 521(a)(6). *Lowry* also precludes enforcement of an ipso facto clause as a result of a debtor's failure to comply with the duties § 521(a)(2) imposes. *See Lowry,* 882 F.2d at 1546 (reasoning that the mere filing of a bankruptcy petition does not automatically place the creditor any greater jeopardy than that which existed before the bankruptcy filing). Because the Contract between 21st Mortgage and the Debtors does not contain an *ipso facto* clause, whether the same holds true after BAPCPA's addition of § 521(d) to the Bankruptcy Code is not an issue before the Court.

Because the Court concludes that neither § 362(h) nor § 521(a)(6) entitle 21st Mortgage to compel the Debtors to enter into a reaffirmation agreement, there is no need to delay the entry of

-9-

the Debtors' discharge. 21st Mortgage's request to delay the entry of the discharge will, therefore, be denied. The Court will also deny 21st Mortgage's request for an award of attorneys' fees. 21st Mortgage did not direct the Court to any contractual provision or statutory basis for an award of attorneys' fees, nor has 21st Mortgage prevailed in its Motion to Compel.

## CONCLUSION

As a result of Debtors having specified an intent to retain the Manufactured Home, but failing to comply with their duty to then specify an intent to redeem or reaffirm, the automatic stay has terminated with respect to the Manufactured Home, the Manufactured Home no longer is property of the bankruptcy estate, and 21st Mortgage may take whatever action as to the Manufactured Home as is permitted by applicable non-bankruptcy law unimpeded by Debtors' Chapter 7 case. However, if Debtors are not in default in their obligations to 21st Mortgage under applicable non-bankruptcy law, 21st Mortgage has no immediately exercisable relief. The Court will enter separate order denying the Motion to Compel.

_/s/ Robert H. Jacobvitz_
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 2, 2015

COPY TO:

Susan P Crawford
Attorney for 21st Mortgage Corporation
210 Montezuma Ave Suite 200
Santa Fe, NM 87501

Christopher L Trammell
Attorney for Debtors
3900 Juan Tabo NE
Albuquerque, NM 87111-3984